# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WARREN GLADDEN, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| v. | : | NO. 10-5228 |
| | : | |
| | : | |
| THOMAS VILSACK | : | |
| SECRETARY, U.S. DEPARTMENT | : | |
| OF AGRICULTURE, | : | |
|     Defendant | : | |

# M E M O R A N D U M

**Stengel, J.**                                                                                                                                  May 25, 2011

        This is an employment discrimination case. The plaintiff, Warren Gladden, claims he was discriminated against on the basis of his race and his age when he was not considered for a position with the United States Department of Agriculture ("USDA"). The defendant has filed a motion to dismiss his complaint, and for the reasons set forth below, I will grant the motion.

## I.     BACKGROUND

        Mr. Gladden filed his complaint against the USDA on October 5, 2010. The USDA filed a motion to dismiss on January 11, 2011, and Mr. Gladden filed his response on April 4, 2011. This motion is ripe for judgment.

        The facts alleged in Mr. Gladden's complaint are as follows: he is an African American male over 40 years old. Compl. ¶¶ 7, 8. On January 7 and January 31, 2008, vacancy announcements were issued for a position as a "Supervisory Program Specialist," grade GS-14, for the United States Forest Service. Compl. ¶¶ 22, 23 (citing Vacancy Announcement Nos.

ADS08-NRS-3289G and ADS08-NRS-3289DP). The Forest Service is a bureau of the USDA. Id. ¶ 2. The position for which Mr. Gladden applied involved performing tasks related to the administrative management of an organization, interpreting administrative policies, developing organizational policies, and performing administrative and human resource management functions, among other things. Id. ¶ 25. The vacancy announcements included descriptions of relevant qualifying experience. Id. at ¶ 26. Mr. Gladden applied for position number ADS08-NRS-3289D on January 31, 2008. Id. at ¶ 27.

Mr. Gladden did not receive an invitation to interview for the position and contacted the USDA on April 16, 2008, to inquire about the status of his application. Id. at ¶ 30. He was contacted by Sue Barro the same day and told that a panel of six people had reviewed the submitted applications, selected the top five applicants, chosen three to interview, and selected a person for the position. Id. at ¶ 32. Mr. Gladden contacted a member of the panel, Mr. Roy Patton, to ask why he was not identified as one of the top five candidates for the position, and Mr. Patton responded:

> The panel was presented with an applicant pool of current federal employees, many with broad experience as managers of budgeting; acquisition management; civil rights; and engineering, safety & facilities. The top candidates that were referred to the selecting official were all employees with more than 10 years of federal service with a large agency. In addition, these candidates had experience in managing groups of employees within a multiple state region for their respective agencies.
> You applied under a program that allows persons not already in the federal system to apply for employment with federal agencies. This process allows agencies to hire workers not currently in the federal system when there are no federal employees who are qualified for and interested in a particular position when it is open and needs to be filled. In the case of the position for which you applied, there was a pool of qualified federal applicants and the selecting official drew from that pool.

Compl. ¶ 34 (citing Attachment 6 to Compl.). As alleged in Mr. Gladden's complaint, the USDA's response to an interrogatory indicated that Mr. Patton's explanation of the process was correct: it reiterated that government agencies determine whether a job announcement will be a "Government status and/or a Demonstration announcement" and that the position for which Mr. Gladden had applied was listed as both. Compl. ¶ 37. This is why there were two announcements - one ending with a "G" and one ending with a "DP" - for the same position. After making a further request for information from Mr. Patton about the process used to select an individual for the position, Mr. Patton explained that:

> What I described in the previous message was how we exercised our authority to review applicant sources before determining who would be hired based on job-related criteria. That broad authority does not require us to review all applicant sources and after reviewing the applications from current federal employees (they were grouped together as one applicant source) we found that we could make a selection without reviewing other applicant sources.

Compl. ¶ 41 (citing Attachment 6 to Compl.). Mr. Gladden includes in his complaint another representation from a USDA employee confirming Mr. Patton's characterization: "The decision to advertise the program to the general public under the Demonstration program (DP announcement) is optional, and was made in this situation in order to provide an expanded applicant pool in the event that the government (G) vacancy announcements did not produce a sufficient number of qualified internal candidates." Id. at ¶ 43 (citing Gladden ROI 177-185). Mr. Gladden attests in his complaint that "of the 26 DP [non government] announcement applicants, 24 made the certificate of eligibles, including Plaintiff, but were never considered for the instant position. Protected group members, like Plaintiff, who applied under the DP announcement, were denied equal opportunity which the merit principles of 5 U.S.C. § 2301(b)

says they are entitled to." Id. at ¶ 45. The person ultimately chosen for the position was Sandy Shultis, who was white and was born fifteen years after Mr. Gladden. Id. at ¶ 48.

Mr. Gladden's complaint contains two counts: Count I alleges racial discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e ("Title VII") and Count II alleges age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). Mr. Gladden states that the reasons offered by the USDA for its decision not to hire him were pretext to hide discriminatory animus. Compl. ¶ 51, 53.

**II. STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all plausible inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

It remains true that the Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Rather, the Rules require "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In recent rulings, however, the Supreme Court has rejected language in Conley stating that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 550 U.S. at 561. Rather, a "complaint must allege facts suggestive of [the proscribed] conduct," id. at 564, and it must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). In recognition of these principles, courts must first identify those allegations in a complaint that are mere conclusions and are therefore not entitled to the assumption of truth, and next, consider whether the complaint's factual allegations, which *are* entitled to a presumption of truth, plausibly suggest an entitlement to relief. Ashcroft v. Iqbal - - U.S. - -, 129 S.Ct. 1937, 1950 (2009).

The Third Circuit has acknowledged that "the quantum of facts that a discrimination complaint should contain may bear further development." Guirguis v. Movers Spec. Svcs., Inc., 346 Fed. Appx. 774, 776 n.6 (3d Cir. 2009). However, it remains true, including in the employment discrimination context, that "only a complaint that states a *plausible* claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950; Wilkerson v. New Media Technology Charter School, Inc., 522 F.3d 315, 322 (3d Cir. 2008) ("The plausibility paradigm announced in Twonbly applies with equal force to analyzing the adequacy of claims of employment discrimination.").

When reviewing a complaint, a court should consider not only the allegations contained

in the complaint itself but also the exhibits attached thereto, which the complaint incorporates pursuant to Federal Rule of Civil Procedure 10(c). Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192 (3d Cir.1993).

**III.    DISCUSSION**

Title VII prohibits employment discrimination on the basis of an applicant's race or color. 42 U.S.C. § 2000e-2(a)(1). Under Title VII, a plaintiff states a *prima facie* case of employment discrimination where he shows that he (1) is a member of a protected class; (2) was qualified for the position he sought; (3) was rejected despite being qualified for the position; and (4) under circumstances raising an inference of discrimination, the employer continued to seek out individuals with qualifications similar to those of the plaintiff to fill the position. Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d Cir. 2003). Under the ADEA, an employer may not discharge or otherwise discriminate against an individual because of that individual's age. 29 U.S.C. § 623(a)(1). To establish a disparate treatment claim under the ADEA, a plaintiff must prove that age was the "but-for" cause of the defendant's adverse decision. Gross v. FBL Financial Services, Inc., - - U.S. - -, 129 S.Ct. 2343, 2350 (2009) (a plaintiff must prove by a preponderance of the evidence, which may be direct or circumstantial, that age was the "but-for" cause of the challenged employer decision).

While an employment discrimination plaintiff need not plead a *prima facie* case of discrimination, he must still allege facts raising the right to relief above a speculative level. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); Bell v. KA Indus. Services, LLC, 567 F. Supp. 2d 701, 707 (D.N.J. 2008) ("The elements of a

prima facie claim do not have to be proven, but merely must be plausible.").

The USDA claims that even accepting the facts alleged in Mr. Gladden's complaint as true, he has failed to state a plausible claim that his application was denied under circumstances raising an inference of discriminatory animus. Indeed, taking the facts alleged in Mr. Gladden's complaint as true and considering the exhibits attached to his complaint, there is simply no basis upon which to infer that he was not considered for the Supervisory Program Specialist position due to his race or his age. Rather, Mr. Gladden's complaint alleges that the USDA violated Title VII and the ADEA by only considering applicants for the position who were already government employees. Mr. Gladden does not allege that he was treated differently from the other applicants for the position who were not already employed by the government. See Compl. ¶ 45 (alleging that none of the 24 eligible, non-government applicants for the position were considered).

In ruling on the USDA's motion to dismiss, this court can consider all documents attached to the complaint. Pension Benefit, 998 F.2d at 1196. Attached to his complaint, Mr. Gladden includes the Final Agency Decision from the United States Department of Agriculture, which affirms the substance of Mr. Gladden's complaint, insofar as it states that Mr. Gladden's application was not considered because he was not within the pool of current federal employee applicants. See Gladden Attachment 2, Final Agency Decision at 2. In other words, the selecting committee's decision not to interview Mr. Gladden was based entirely on the fact that he was not a government employee and had nothing to do with his race or age. He has also attached to his complaint a sworn affidavit from Cynthia Johnson, a Supervisory Contract Specialist with the USDA who was a member of the selecting committee for the position. She stated that she did not review any applications from demonstration (i.e. non-government) applicants. See Gladden,

ROI 145-149.  Ms. Johnson confirmed that she had no recollection of Mr. Gladden's application and was therefore not aware of his race.  Id.  Another participant in the selection process, Melissa Dyniec, also stated that she only reviewed those applications that were forwarded to the selecting committee.  See Gladden ROI, 150-155.  She also was unaware of Mr. Gladden's application until he filed his complaint of discrimination.  Id.  Finally, Mr. Gladden attached the sworn affidavit of Bill Mannion, a Human Resource Liason employed by the USDA who spoke to Roy Patton, the Deputy Station Director for the position and a selection panel member.  See Gladden ROI 177-185.  In his affidavit, Mr. Mannion explained that the panel decided only to select applicants for referral from the government applicant list, and explained that this decision was made when "the panel decided that a sufficient number of qualified applicants were received under the Government vacancy announcement for a selection."  Id. at ROI 180.

The factual allegations contained in and the attachments to Mr. Gladden's complaint demonstrate that he has no plausible *prima facie* case of race-based employment discrimination actionable under Title VII.  Similarly, there are no facts suggesting that he has a plausible argument that age was the but-for reason his application was not reviewed.  The sole reason Mr. Gladden's application was not reviewed is that he was not within the pool of applicants who were current government employees.

### IV.  CONCLUSION

For the reasons set forth above, I will grant the motion to dismiss filed by the defendant and dismiss Mr. Gladden's complaint with prejudice.